**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

| | |
|---|---|
| AUTEL US INC., *Plaintiff*, v. ORANGE ELECTRONIC CO. LTD., *Defendant*. | Civil Action No. 1:21-cv-1321 Hon. Liam O'Grady |

## ORDER

### Introduction

This matter comes before the Court on the Defendant's Motion to Dismiss or Stay (Dkt. 17) the above-captioned civil action. The Motion has been fully briefed by the Parties and is ripe for consideration.

### Background

The Plaintiff in this case is Autel US Inc. which is a New York corporation with headquarters in Port Washington, New York. Dkt. 1 at 1. Autel US is a wholly owned subsidiary of the company Autel ITC. *Id.* at 2. Autel US and Autel ITC manufacture and sell "intelligent diagnostics, inspection, and tire pressure monitoring system products and services." *Id.* at 1. The Defendant, Orange Electronic Co. Ltd. ("Orange"), is a Taiwanese company located in Taichung, Taiwan. *Id.* at 2. Orange is the assignee of United States Patent 8,031,064 (The '064 patent) which claims a tire pressure detecting apparatus and tire pressure detector identification

1

copying method. On June 30, 2021, Orange filed a civil action in the United States District Court for the Eastern District of Texas that alleges Autel ITC (the parent company of the Plaintiff in the present case) infringed the '064 patent. *Orange Electronic Co. Ltd. v. Autel Intelligent Corp. Ltd.*, Case No. 2:21-cv-00240-JRG (E.D. Texas). On November 29, 2021, Plaintiff Autel U.S. filed a Complaint in this Court that details that Autel US has sold and continues to sell the same products that are accused of infringing the '064 patent. Dkt. 1 at 4. The Complaint before this Court now seeks a declaratory judgment that the products sold by Autel US do not infringe the '064 patent. *Id.* at 5.

**Discussion**

The Court has discretion to determine if an action brought under the Declaratory Judgment Act should be heard, even if that action would otherwise meet the requirements of subject matter and personal jurisdiction. *Wilton v. Seven Falls. Co.*, 515 U.S. 277, 282 (1995). Orange has urged the Court to exercise this discretion and find it proper to dismiss the Complaint in its entirety.[1] Both Parties have argued that the equitable factors outlined and adopted by the district court in *The Hippage Co., Inc. v. Access2go, Inc.*, are instructive to the Court's decision to hear the case. 589 F. Supp. 2d 602, 614-15 (E.D. Va. 2008). Orange has also argued that the 'first-to-file' rule applies based on the facts in the present case. Dkt. 17 at 5.

*Factors to consider for declaratory judgment*

In *Hippage*, the district court summarized factors that several courts have analyzed when they determine the propriety of allowing a civil action for declaratory judgment to move forward.

---

[1] The Motion to dismiss indicates the Court should dismiss the Complaint for a lack of subject matter jurisdiction. However, Orange does not argue that the Court lacks subject matter jurisdiction over the Complaint. Rather, Orange argues that the Court should exercise discretion to decline to hear the case.

589 F. Supp. at 615. The district court in *Hippage* analyzed the decision based on "(1) whether the action serves the purposes of the Declaratory Judgment Act; (2) whether the action constitutes procedural fencing; (3) judicial efficiency; and (4) fairness to the parties." *Id.* (citations omitted).

The Fourth Circuit has explained that the purpose of the Declaratory Judgment Act is to settle disputed rights between adverse parties and to afford relief from the uncertainty of a potential legal proceeding. *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 493 (4th Cir. 1998). Autel US argues that the current civil action will relieve Autel US from the uncertainty of potentially being joined to the ongoing civil suit in the Texas district court and therefore the action is in line with the purpose of the Declaratory Judgment Act. Dkt. 20 at 5.

Autel US has argued that it has not engaged in procedural fencing because 35 U.S. § 293 designates the Eastern District of Virginia as the only judicial district with proper jurisdiction over a foreign patentee.[2] Dkt. 20 at 5-6. Autel US further argues that Orange was the party who engaged in procedural fencing because if Autel US was added to the pending case in the Eastern District of Texas, that addition would make venue improper. *Id.* at 6. Orange has argued that Autel US is simply forum shopping and is trying to advance this civil action without its parent company for the sake of shielding the parent company from liability and obstructing discovery into that parent company (the company that manufactures the accused products). Dkt. 17 at 10.

Orange argues that to allow this declaratory judgment to move forward will essentially duplicate the amount of litigation necessary due to the fact that the same patents, products, claims, and witnesses will be integral for litigation in both this Court and the Texas district court. Dkt. 17 at 8. In contention, Autel US argues that allowing the proceeding to go before this Court

---

[2] The Parties did not address whether Orange had listed a designee for the service of process with the United States Patent and Trademark Office.

would promote judicial efficiency because this Court offers the only forum where venue is proper for all three relevant Parties: Autel ITC, Autel US, and Orange. Dkt. 20 at 6.

Autel US also argues that dismissal of this case would be unfair because Autel US would be unable to defend itself against infringement allegations based on the products it sells. Dkt. 20 at 6. Orange argues that dismissal would be fair because Autel US can still join the ongoing litigation before the Texas district court if Autel US wishes to defend itself from allegations. Dkt. 17 at 9.

The Court has considered the arguments of both Parties to evaluate the equitable factors that guide the decision on the Motion to Dismiss. The concerns for judicial efficiency seem to unquestionably weigh in favor of dismissal. It is unnecessary to complete duplicative discovery, hold duplicative hearings, and to have two potentially redundant trials. It would be inefficient to resolve identical issues in two parallel proceedings between parties that are substantially similar. In addition, the potential for conflicting rulings between two district courts on identical claims would not be in the interest of the judicial economy. To the extent that Autel US wants to resolve any uncertainty about potential liability, Autel US is able to join the ongoing civil proceeding in the Eastern District of Texas.[3] As discussed below, these considerations also weigh strongly in favor of applying the first-to-file rule.

*The first-to-file rule applies*

The Federal circuit has described the "first-to-file" rule as "a doctrine of federal comity, intended to avoid conflicting decisions and promote judicial efficiency, that generally favors pursuing only the first-filed action when multiple lawsuits involving the same claims are filed in different jurisdictions." *Merial Ltd. v. Cipla Ltd.*, 681 F.3d 1283, 1299 (Fed. Cir. 2012) (citations

---

[3] The Eastern District of Texas is an apt forum to address any concerns that Autel US might have as to the propriety of the venue in proceedings before that district court.

omitted). The parties and issues in two civil actions do not need to be identical for the first-to-file rule to apply, so long as there is sufficient similarity between the parties and issues in the two civil actions. *Gibbs v. Haynes Invs. LLC.*, 368 F. Supp. 3d 901, 914 (E.D. Va. 2019) (citations omitted). Application of this rule is within the Court's discretion and the rule is "not rigidly or mechanically applied." *Merial Ltd.*, 681 F.3d at 1283 (citing *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183-184 (1952)).

Autel US argues that the first-to-file rule should not apply in this case because Orange has not diligently pursued the civil action in the Texas district court as Orange did not properly serve Autel ITC. Autel US points to the holding in *MCCOA, LLC v. Retail Service Systems, Inc.*, to support its argument. 2018 U.S. Dist. LEXIS 16569 at *8-9 (W.D. Va. February 1, 2018). In *MCCOA*, the plaintiff filed a declaratory judgment suit in a Virginia circuit court the day before a parallel suit was filed by the opposing party in the Southern District of Ohio. *Id.* at *7. In that case, the district court found that the plaintiff seeking declaratory judgment had engaged in improper forum shopping when it attempted to file the civil action in a Virginia state court. *Id.* In *MCCOA*, the plaintiff did not attempt to serve the defendant before the corresponding action was filed. *Id.* In *MCCOA*, the failure to effect process was not the single dispositive factor that the district court addressed when deciding to dismiss the action for declaratory judgment. Instead, the district court also looked at the 'balance of convenience' and the fact that the parallel Ohio action was brought by the 'natural plaintiff,' or the party that did not file for declaratory judgment. *Id.* at 8-9. Accordingly, the service of process is not the single dispositive factor the Court will consider in the decision to apply the first-to-file rule.

The proceeding in the Eastern District of Texas was the first-filed case. Not perfecting process on an international defendant—as opposed to not attempting to serve a defendant—is a

5

distinct circumstance from the facts of the *MCCOA* case. Further, the 'first-to-file' rule contemplates the initiation of the proceedings--not the time that service is perfected or the time that the Defendant was given notice of the claims--as the dispositive time point used to compare the two civil proceedings. *See Merial*, 681 F.3d at 1299 ("the date of Merial's contempt *motion* is irrelevant in determining which *action* was filed first-what matters is the initiation of the suit.") (emphasis in original). The suit in the Eastern District of Texas was undisputedly initiated before the declaratory judgment action was filed in this Court. This fact indicates that the first-to-file rule applies to the Court's decision on the Motion to Dismiss.

**Conclusion**

The 'first-to-file' rule applies to the declaratory judgment action brought by Autel US. As detailed within the Complaint, the Texas civil action involves the same claims, factual issues, and patents as the present action for declaratory judgment. There is sufficient similarity between the parties and issues in the two civil actions for the first-to-file rule to be dispositive. The first-to-file rule, the potential for conflicting judicial decisions, and other equitable principles indicate that the Court should exercise its discretion not to hear the present claim. For these reasons, the Motion to Dismiss (Dkt. 17) is **GRANTED** and the Complaint is **DISMISSED**.

It is so **ORDERED**.

March 21, 2022
Alexandria, Virginia

_____
Liam O'Grady
United States District Judge

6